ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. 3:14-CR-270-L |
|---|---|
| v. | |
| JORDAN MICHAEL PORTER | |

## PLEA AGREEMENT

Jordan Michael Porter, (the defendant), Jeff King, (the defendant's attorney), and the United States of America, (the government), agree as follows:

1. **Rights of the defendant**:   Porter understands that he has the rights

   a. to grand jury indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to have his guilt proven beyond a reasonable doubt;

   e. to confront and cross-examine witnesses and to call witnesses in his defense; and

   f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   Porter waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 2252A(a)(2), that is, receipt of child pornography. Porter understands the nature and elements of the crime to which he is pleading guilty,

Plea Agreement - Page 1

and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for Count One of the Superseding Information include:

    a. imprisonment for a period not less than five years and not to exceed 20 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release, of any term of years or life, but not less than five years, which will follow any term of imprisonment. If Porter violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law;

    f. costs of incarceration and supervision; and

    g. forfeiture of property as alleged in the Superseding Information.

4. **Sentencing guidelines:** Porter understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Porter has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Porter will not be allowed to withdraw his plea if his sentence is higher than expected. Porter

fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Porter agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Porter shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Porter shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Porter expressly authorizes the United States Attorney's Office to immediately obtain a credit report in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Porter fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Porter agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Porter's full and immediately enforceable financial obligation. Porter understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture**: Porter further agrees not to contest, challenge or appeal in any way the administrative or judicial (criminal or civil) forfeiture to the United States of

any property seized or restrained by law enforcement officers during the investigation related to this criminal cause, including:   one IPhone 4, s/n dx4kfwaydpon, IMEI: 013266001643842; and one Samsung CE0168 tablet, model:   GT-P51132W, s/n RF2D714186N, which were seized from Porter and any photos or videos located on these devices.   Porter consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609, 18 U.S.C. §§ 981, 983 and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.   Porter agrees to provide truthful information and evidence necessary for the government to forfeit such property.   Porter agrees to hold the government, its officers, agents and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage or disposal of such property.

    8.     **Government's agreement**: If the Court accepts the plea, the government will not bring any additional charges against Porter based upon the conduct underlying and related to Porter's plea of guilty.   However, the government is free to bring additional charges against Porter should the Court decide not to accept the plea agreement as specified in this document.   The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local

prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Porter or any property.

9. **Violation of agreement**:   Porter understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Porter for all offenses of which it has knowledge.   In such event, Porter waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Porter also waives objection to the use against his of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**:   Porter waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.   He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   Porter, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Porter has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Porter has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to his other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Porter has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[remainder of page left intentionally blank]

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 27TH day of January, 2015.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JORDAN MICHAEL PORTER
Defendant

_____
CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00786218
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.659.8809
Email: camille.sparks@usdoj.gov

_____
JEFF KING
Attorney for Defendant
State Bar No. 24038059

_____
GARY C. TROMBLAY
DEPUTY CRIMINAL CHIEF

Plea Agreement - Page 7

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions:   where I reside; where I am an employee; and where I am a student.   I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information.   I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status.   I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____          1-26-2015
JORDAN MICHAEL PORTER                    Date
Defendant


I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____          _____
JORDAN MICHAEL PORTER                    Date
Defendant


I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          1-26-2015
JEFF KING                                Date
Attorney for Defendant


Plea Agreement - Page 8